

FILED by ___YH___ D.C.

Sep 17, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-60258-CR-BLOOM/VALLE**

15 U.S.C. § 77q(a)
15 U.S.C. § 77x
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

vs.

**JAN DOUGLAS ATLAS,**

   **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. 1 Global Capital LLC ("1 Global") was a Florida limited liability company with its principal place of business in Hallandale Beach.

2. Individual #1 acted as the Chief Executive Officer of 1 Global from at least in or around February 2014 through in or around July 2018.

3. Defendant **JAN DOUGLAS ATLAS** was an attorney licensed in the State of Florida and was a partner at Law Firm #1.

4. Attorney #1 was an attorney licensed in the State of Florida who worked at Law Firm #1 and acted in a fundraising capacity at 1 Global.

## SECURITIES FRAUD
## (15 U.S.C. §§ 77q(a) and 77x)

From in or around May 2016, through in or around July 2018, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

## JAN DOUGLAS ATLAS,

did knowingly, willfully, and unlawfully, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, in connection with the offer and sale of securities: (a) employ a device, scheme and artifice to defraud; (b) obtain money and property by means of untrue statements of material fact and omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in transactions, practices and courses of business which would and did operate as a fraud and deceit upon the purchaser, to wit, by causing the transmission of a letter dated March 9, 2018, transmitted by U.S. mail and email from Florida to Kansas, from 1 Global to Investment Advisor #1, claiming that the 1 Global investment offering was not subject to state and federal securities laws, and containing false and fraudulent representations about the duration and nature of the investment.

## PURPOSE OF THE SCHEME AND ARTIFICE

5. It was a purpose of the scheme and artifice was for the defendant and his accomplices to unjustly enrich themselves by obtaining money from investors using legal opinion letters containing false and fraudulent representations about material facts so that the defendant and his accomplices could profit from the unlawful sale of these investments.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

2

6. Individual #1 owned and controlled 1 Global through certain entities that he also controlled, including a purported family trust. Individual #1 had ultimate decision-making authority at 1 Global and was actively involved in financial matters, marketing, payments, and interactions with persons and entities who provided funding to 1 Global.

7. 1 Global purportedly operated as a lending business to merchants, providing short-term loans referred to as merchant cash advance ("MCA") loans. 1 Global obtained funds for its operations and other purposes by raising money from investors (sometimes referred to as "lenders" or "syndicate partners") in the form of investment contracts with the promise of a return on the investors' investments. Substantial questions arose during the operation of the business as to whether 1 Global was offering or selling a security and whether the investment offering was required to be registered with the U.S. Securities and Exchange Commission. These questions were raised by investors, investment advisors, and regulators. **JAN DOUGLAS ATLAS** acted as outside counsel for 1 Global and knew that if 1 Global's investment offering were determined to be a security, it would undermine the ability of 1 Global to raise funds from retail investors and to continue to operate without substantial additional expenses and reporting requirements. Such a classification would undermine the profits and fees that Individual #1, **ATLAS** and others would be able to obtain from 1 Global's operations.

8. Individual #1 and Attorney #1 consulted with **JAN DOUGLAS ATLAS** about how to address the issue of whether 1 Global's investment offering constituted a security. Over time, Individual #1 and Attorney #1 made clear to **ATLAS** that they wanted legal cover in order to continue to operate without adhering to the registration requirements of federal and state securities laws. **ATLAS** came to understand that Individual #1 and Attorney #1 were not interested in accurate legal advice based on real facts, but instead wanted false legal cover that would advance their desired outcome and allow them to continue to profit from 1 Global.

3

9. At the request of Individual #1, **JAN DOUGLAS ATLAS** authored an opinion letter dated May 17, 2016, that stated in substance that the 1 Global offering was not a security and not subject to the federal securities laws or registration requirements. **ATLAS** knew at the time of this letter that various aspects of how the 1 Global investment actually worked were omitted or described inaccurately in the letter in order to achieve the opinion that Individual #1 desired. **ATLAS** knew, for example, that the investment was not, in reality, a 9-month investment but was instead longer in duration, that the automatic renewal aspect of the investment was omitted, and that in reality the investment was being targeted toward retail, non-sophisticated investors (such as IRA account holders). **ATLAS** intentionally made false and misleading statements in the May 17th opinion letter in order to achieve an opinion that would give legal cover for 1 Global and its employees and agents to attempt to avoid application of the federal and state securities laws.

10. In or around June and July 2016, **JAN DOUGLAS ATLAS** became aware of two opinion letters authored by attorneys at Law Firm #2 that were provided to 1 Global, dated June 20, 2016, and July 6, 2016, respectively. The first opinion letter stated in substance that the 1 Global offering was a security, that the interest rates charged by 1 Global likely violated Florida's usury laws, and that the failure of 1 Global to pay Florida documentary stamp taxes could prevent 1 Global from successfully bringing collection actions to enforce the MCAs in Florida courts. The second opinion letter, in substance, provided guidance on how 1 Global could obtain compliance with the federal securities laws, including by potentially meeting the requirements of Rule 506(b) of the Securities Act of 1933. This would mean, among other things, that due to "integration" of the prior illegal offering of the 1 Global security to investors, 1 Global would likely have to engage in a six-month cessation of capital raising activities and would thereafter be able to offer the investment only to "accredited" as opposed to retail investors. 1 Global would have had to effectively ceased operations for at least six-months to comply with this advice.

From conversations with Individual #1, **JAN DOUGLAS ATLAS** understood that Individual #1 had no intention of following this legal advice.

11.     **JAN DOUGLAS ATLAS**, Individual #1, and Attorney #1 had conversations in and around August 2016 to determine how to continue to argue that the 1 Global investment offering was not a security. Individual #1 and Attorney #1 agreed not to disclose to investors or the public the advice from Law Firm #2. Individual #1 made clear to **ATLAS** that he (Individual #1) wanted legal cover for the ongoing operations of 1 Global. **ATLAS** understood this to mean that Individual #1 wanted legal cover regardless of the truth and that Individual #1 was in reality asking **ATLAS** to lie in order to provide such legal cover.

12.     At the request of Individual #1, **JAN DOUGLAS ATLAS** authored a second legal opinion letter dated August 25, 2016, that essentially repeated the false and misleading statements made in the May 17th opinion letter, including that the 1 Global investment opportunity was a nine-month investment. This letter omitted reference to the automatic renewal provision and other aspects of the investment that would undermine the legal opinion. The letter also falsely stated that the investment was being offered only to sophisticated investors. At the time **ATLAS** authored the August 25th opinion letter, he knew that the 1 Global investment offering fell squarely within the definition of a security under the federal securities laws and was required to be registered, and that the concept of "integration" meant that the continued offering as a 9-month note would not preclude the application of the securities laws. **ATLAS** understood that the opinion letter inaccurately described or omitted aspects of the investment in order to give 1 Global, and its employees and agents, false legal cover to continue to conduct business unabated.

13.     The August 25th opinion letter authored by **JAN DOUGLAS ATLAS** was used by 1 Global employees and agents, including Individual #1, Attorney #1, and their employees and agents, to continue to raise money illegally, including via communications transmitted in interstate

5

commerce and the mails, including by the transmission of payments and communications to and from investors located in various states, with 1 Global employees and agents located in Florida.

14. At or around the time that **JAN DOUGLAS ATLAS** executed the May 17th and August 25th opinion letters, and thereafter, he received payments from Attorney #1 that Atlas understood to constitute a percentage of commissions received by Attorney #1 of money raised by 1 Global from new investors. **ATLAS** was aware that Attorney #1 and others affiliated with 1 Global raised money from investors using the false and fraudulent opinion letters he authored, or in reference to them, to address concerns from such investors. The funds paid to **ATLAS** by Attorney #1 totaled approximately $627,000 and were paid to **ATLAS**'s personal checking account. These funds were not disclosed to Law Firm #1, and **ATLAS** and Attorney #1 knew that they were required to disclose and share all fees paid by clients of Law Firm #1, with Law Firm #1.

In violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

## **FORFEITURE**
### (18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **JAN DOUGLAS ATLAS**, has an interest.

2. Upon conviction of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction.

3. If any of the property subject to forfeiture, as a result of any act or omission of the

defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, made applicable through Title 28, United States Code, Section 2461(c).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY

_____
LISA H. MILLER
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JAN DOUGLAS ATLAS,

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ___ Miami
- ✓ FTL
- ___ Key West
- ___ WPB
- ___ FTP

New defendant(s)      Yes ___   No ___
Number of new defendants   ___
Total number of counts   ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days     ✓
   - II   6 to 10 days    ___
   - III  11 to 20 days   ___
   - IV   21 to 60 days   ___
   - V    61 days and over ___

   (Check only one)
   - Petty    ___
   - Minor    ___
   - Misdem.  ___
   - Felony   ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No.   _____
   Related miscellaneous numbers:   _____
   Defendant(s) in federal custody as of   _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the District of   _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501106

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JAN DOUGLAS ATLAS

**Case No**: _____

Count #: 1

Securities Fraud

Title 15, United States Code, Sections 77q(a) and 77x

* **Max. Penalty**:   Five (5) years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| JAN DOUGLAS ATLAS, ) | |
| ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**DAVID O. MARKUS**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*